FILED
CHARLOTTE, NC
MAR 29 2013
US District Court
Western District of NC

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 5:13cr21 / 2:13CR |
| v. | BILL OF INFORMATION |
| LOUIS FRANCIS CURTE | Violations:<br>18 U.S.C. § 1347<br>26 U.S.C. §7206(1) |

THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

**Relevant Individuals and Entities**

1. Defendant LOUIS FRANCIS CURTE, a resident of Wilkesboro, North Carolina was the owner and operator of Wilkesboro Clinical Laboratory, (hereinafter "WCL"), from at least 1999 to in or about June 2011. CURTE received start-up money and financial assistance for this business from Dr. T.M. and Dr. N.C.

2. WCL, a corporation formed under the laws of North Carolina and operating in Wilkes County, provided microbiology and other laboratory services to patients pursuant to the requests and orders of physicians and medical providers.

3. Company #1 provided certain types of laboratory services, such as microbiology testing, including urine and throat cultures for WCL that WCL was unequipped to provide.

4. WCL used a billing company (Company #2), which was owned by Dr. T.M., to submit claims to Medicare and other insurance programs.

5. WCL was enrolled as a Medicare Federal Health Care Provider with the Medicare program from on or about June 1999 to June 2011. As such, WCL was authorized to seek reimbursement from Medicare for laboratory services rendered to Medicare recipients.

1

6. Medicare is a federally-funded health insurance program for people over age 65 and some persons under age 65 who are blind or disabled.

7. Medicare is administered by the Center for Medicare and Medicaid Services ("CMS"), an agency of the United States Department of Health and Human Services, and is a "health care benefit program," as defined in Title 18, United States Code, Section 24(b).

## Scheme to Defraud

8. From at least 2007 to in or about 2009, CURTE engaged in a scheme to defraud Medicare in which he submitted false and fraudulent claims to Medicare for microbiology services which were never rendered by WCL or Company #1.

9. CURTE and WCL generally submitted specimens to Company #1 for microbiology testing which WCL could not perform in-house. Upon receipt of the cultures from WCL, Company #1 typically performed an initial test to determine if infection-causing bacteria were present in the specimen. If an infection was present, Company #1 then typically performed one or two additional tests to identify the type of pathogen present ("identification" testing) and the type of antibiotic to which the pathogen was susceptible ("susceptibility" testing).

10. After receiving the testing information and results from Company #1, WCL submitted claims through billing Company #2 to Medicare and other insurance programs for reimbursement for microbiology testing.

11. Beginning in at least 2007, CURTE and WCL submitted fraudulent claims to Medicare for microbiology testing never performed. Pursuant to the scheme to defraud, CURTE routinely billed Medicare for secondary identification and susceptibility tests, when, in fact, no such tests were performed by Company #1 or WCL. Indeed, in many instances, CURTE billed

2

for identification and susceptibility testing when the initial test performed by Company #1 indicated that no pathogen was actually present.

## Filing False Income Tax Returns

12. In addition to defrauding Medicare, CURTE defrauded the United States by filing false tax returns for the years 2007 through 2010. In these years, CURTE filed false tax returns which substantially understated his gross income, and therefore, the tax owed to the United States.

13. CURTE maintained false books for WCL which both overrepresented WCL's business expenses and underrepresented CURTE's personal income. The false books also attempted to mask CURTE's financial and business relationships with Company #2 and Dr. T.M.

14. CURTE perpetrated the tax fraud scheme by submitting the false books and information to his tax preparer, who then relied upon this false information to prepare false income tax returns which CURTE knew to be false at the time of their submission to the United States.

# COUNTS ONE THROUGH FOUR
## 18 U.S.C. § 1347
## (Health Care Fraud)

15. The United States Attorney re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 14 of the Bill of Information, and further alleges that:

16. On or about the dates listed below, in Wilkes County, within the Western District of North Carolina, and elsewhere, the defendant,

## LOUIS FRANCIS CURTE

did knowingly and willfully devise a scheme and artifice to defraud and to obtain by means of materially false and fraudulent pretenses, representations and promises, money owned by and under the custody and control of healthcare benefit programs, as defined in Title 18, United States Code, Section 24, in connection with the delivery of, and payment for, healthcare benefits, items and services by submitting and causing to be submitted false and fraudulent claims to Medicare seeking reimbursement for laboratory services which were not performed:

| Count | Medicare Claim Number | Beneficiary | Date of Service |
|---|---|---|---|
| 1 | 102997285038810 | K.J. | 10/1/2007 |
| 2 | 310208073088930 | J.E. | 3/5/2008 |
| 3 | 310208130108460 | M.E. | 5/1/2008 |
| 4 | 822408143049100 | I.C. | 12/15/2008 |

Each transaction described above being a separate violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT FIVE
## 26 U.S.C. § 7206(1)
### (Filing False Income Tax Return)

17. The United States Attorney re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 14 of the Bill of Information, and further alleges that:

18. On or about September 29, 2010, in Wilkes County, within the Western District of North Carolina, and elsewhere, the defendant,

## LOUIS FRANCIS CURTE

did willfully make and subscribe a return, statement, and document, to wit: a United States individual income tax return for the calendar year 2009, which contained and was verified by a written declaration that it was made under penalty of perjury and which the defendant did not believe to be true and correct as to every material matter. That Individual Income Tax Return Form 1040, which was prepared and signed in the Western District of North Carolina and was filed with the Internal Revenue Service, reported on lines 37 and 38 (adjusted gross income) of $81,823, whereas, as the defendant then and there well knew and believed, he received income substantially in excess of that amount during the calendar year 2009.

All in violation of Title 26, United States Code, Section 7206(1)

5

## NOTICE OF FORFEITURE

19. Notice is hereby given of the provisions of 18 U.S.C. §§ 982 and 28 U.S.C. § 2461(c). Under section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by § 981(a)(1)(C). The defendant has or had a possessory or legal interest in the following property that is subject to forfeiture in accordance with sections 982 and/or 2461(c):

   a. all property which constitutes or is derived from proceeds of the violations alleged in this bill of information; and

   b. in the event that any property described in (a) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant, to the extent of the value of the property described in (a).

21. The following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment for all currency and monetary instruments which constitute proceeds of the crimes alleged in this bill of information, including but not limited to the sum of approximately $3,921 in proceeds.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

*/s/ Kelli H. Ferry*
KELLI H. FERRY
ASSISTANT UNITED STATES ATTORNEY

JENNY GRUS SUGAR
ASSISTANT UNITED STATES ATTORNEY